FILED

MAR 0 7 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NUMBER: 19-MJ-7007-MAB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **FILED UNDER SEAL** |
| BRANDON FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

## CRIMINAL COMPLAINT

I, Joshua Hunt, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

### COUNT 1

### Distribution of Cocaine

On or about March 5, 2019, in Saint Clair County, Illinois, within the Southern District of Illinois, and elsewhere,

### BRANDON FERGUSON,

defendant herein, did knowingly and intentionally deliver 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii)(II).

### AFFIDAVIT

1.     I, Joshua Hunt, am an investigative and law enforcement officer of the United States, within the meaning of Title 18, United States Code, Section 206(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

1

2.      I am a Task Force Officer with the Drug Enforcement Administration, and have been for approximately 3 ½ years. I was previously assigned for 18 months to the Metropolitan Enforcement Group of Southwestern Illinois. I have been a police officer for a total of 11 years. I have participated in numerous drug investigations, which have resulted in the seizure of heroin, methamphetamine, crystal methamphetamine, ecstasy, cocaine, marijuana, and other controlled substances. I am familiar with and have utilized normal methods of investigation, including, but not limited to, visual surveillance, questioning of witnesses and defendants, search warrants for physical locations, electronic devices, GPS and Precise Location Information, cell site simulators, arrest warrants for indicted persons, the use of informants, the utilization of undercover agents and the utilization of court authorized wire and electronic intercepts.

3.      The facts alleged in this affidavit come from my own investigation, training and experience, and information obtained from other investigators and witnesses. Because this affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a Criminal Complaint, I have not included every fact known to me regarding this investigation or the targets thereof.

4.      On March 4, 2019, TFO Joshua Hunt instructed Collinsville Police Department (CPD) Confidential Source 19-001 (hereinafter referred to as the "CS") to send Brandon Ferguson a series of electronic messages asking to purchase one kilogram of cocaine from Ferguson. During the exchange of electronic messages that followed between Ferguson and the CS, the two agreed to meet on March 5, 2019. The CS further reported to the DEA that Ferguson had delivered cocaine to the CS on multiple occasions over the past year.

5.      On March 5, 2019, at approximately 2:57 p.m., TFO Hunt met with the CS and

2

provided the CS with a plastic shopping bag containing $30,000 in the DEA's fake United States currency and $6,000 of actual and recorded United States currency. During this same time, the CS was searched with negative results and the CS's vehicle was searched with negative results. Additionally, the CS and his/her vehicle was equipped with multiple audio and audio/video covert recorders. After that, the CS drove to the area of 610 North 9th Street, East St. Louis, Illinois. DEA agents and investigators maintained constant visual surveillance of the CS until meeting with him/her again after the controlled purchase.

6.  Shortly thereafter, the CS arrived in the area of 610 North 9th Street, East St. Louis, Illinois. The CS parked on the street near the residence with that address. Ferguson then walked out of that residence and entered the front passenger seat of the CS's vehicle. During the audio and video recorded interaction between Ferguson and the CS in the CS's car, Ferguson removed a black plastic bag from beneath his jacket, and handed it to the CS. The CS then stored the black plastic bag behind the passenger seat of the vehicle. After that, Ferguson grabbed the plastic bag full of real and fake United States currency, he looked inside the bag, and then he exited the CS's vehicle.

7.  The CS then left the area and drove to a predetermined meeting location. Agents and investigators continued to maintain constant visual surveillance on the CS. Once the CS arrived back at the DEA's meeting location, the CS told TFO Hunt that the kilogram of cocaine – that was provided to him by Ferguson – was behind the front passenger seat. TFO Hunt, as witnessed by TFO Bauer, retrieved the suspected cocaine. TFO Hunt and TFO Bauer then collected all of the covert recorders from the CS's vehicle and the CS left the area.

8.  The suspected cocaine provided to the CS by Ferguson weighed approximately

1198.8 gross grams. The suspected cocaine was not field tested due to current DEA policy restrictions resulting from the rise of accidental fentanyl exposure. But the undersigned affiant and other agents with this investigation have seen prepackaged kilograms of cocaine on numerous occasions. The suspected kilogram of cocaine in this case is consistent in packaging and appearance as the undersigned and other DEA agents have seen during previous investigations that involved seized kilograms of prepackaged cocaine. This suspected cocaine is being sent to the DEA laboratory for analysis.

FURTHER AFFIANT SAYETH NAUGHT.

Joshua Hunt
Task Force Officer
Drug Enforcement Administration

State of Illinois )
) SS.
County of St. Clair )

Sworn to and subscribed before me this 7th day of March, 2019.

MARK A. BEATTY
United States Magistrate Judge

STEVEN D. WEINHOEFT
United States Attorney

DEREK J. WISEMAN
Assistant United States Attorney

The written affidavit was submitted by reliable electronic means and attested to by the affiant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

4